**LEWIS BRISBOIS BISGAARD & SMITH** LLP
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
LILIT ARABYAN, SB# 311431
  E-Mail: Lilit.Arabyan@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE, RIVERSIDE
COUNTY SHERIFF'S DEPARTMENT,
SHERIFF CHAD BIANCO, EDWARD
DELGADO, JAMES KRACHMER, and
DAVID HOLM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MARIO SOLIS, by and through successor in interest, Sara Solis; SARA SOLIS, individually, | Case No. 5:23-cv-00989-HDV (SPx) [*Hon. Hernán D. Vera, Dist. Judge; Hon. Sheri Pym, M. Judge*] |
| Plaintiffs, | |
| vs. | **PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS** |
| COUNTY OF RIVERSIDE, a public entity, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; SHERIFF CHAD BIANCO, in his individual and official capacities; EDWARD DELGADO, JAMES KRACHMER; DAVID HOLM; and DOES 1 through 10, individually, jointly and severally, | |
| Defendants. | DISC. C/O       TBD Trial Date:    None Set |

PURSUANT TO THE STIPULATION OF THE PARTIES ("Stipulation for Entry of Protective Order re Confidential Documents"), and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under the applicable Federal Rules of Civil Procedure and the United States District

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

135226736.1

1

Court, Central District of California Local Rules; after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to a confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

Plaintiffs and the individual Defendants may produce certain documents in this case that contain personal medical, employment or financial information. Such information may implicate the privacy interests of the party and are properly protected through a Fed. R. Civ. P. 26(c) protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Rule 26(c) includes among its express purposes the protection of a 'party or person from annoyance, embarrassment, oppression or undue burden or expense.' Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  purpose and language of the Rule."); *Soto v. City of Concord*, 162 F.R.D. 603, 617
2  (N.D. Cal. 1995) (a party's privacy rights are to be protected through a "carefully
3  crafted protective order.").

4      Defendants contend that there is good cause and a particularized need for a
5  protective order to preserve the interests of confidentiality and privacy in peace officer
6  personnel file records and associated investigative or confidential records for the
7  following reasons.

8      First, Defendants contend that peace officers have a federal privilege of privacy
9  in their personnel file records: a reasonable expectation of privacy therein that is
10 underscored, specified, and arguably heightened by the *Pitchess* protective procedure
11 of California law.  *See Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027, 1033-1034
12 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665, *2-3, 12-
13 13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based
14 discovery disputes involving federal claims," the "state privilege law which is
15 consistent with its federal equivalent significantly assists in applying [federal]
16 privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D. 603, 613
17 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights
18 [that] are not inconsequential" in their police personnel records); *cf*. Cal. Penal Code
19 §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that
20 uncontrolled disclosure of such personnel file information can threaten the safety of
21 non-party witnesses, officers, and their families/associates.

22     Second, Defendants contend that municipalities and law enforcement agencies
23 have federal deliberative-executive process privilege, federal official information
24 privilege, federal law enforcement privilege, and federal attorney-client privilege
25 (and/or attorney work product protection) interests in the personnel files of their peace
26 officers – particularly as to those portions of peace officer personnel files that contain
27 critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or
28 communications for the purposes of obtaining or rendering legal advice or analysis –

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   potentially including but not limited to evaluative/analytical portions of Internal

2   Affairs type records or reports, evaluative/analytical portions of supervisory records

3   or reports, and/or reports prepared at the direction of counsel, or for the purpose of

4   obtaining or rendering legal advice.  *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa*

5   *Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir.

6   1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654,

7   668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998);

8   *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co.*

9   *v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988).  Defendants

10  further contend that such personnel file records are restricted from disclosure by the

11  public entity's custodian of records pursuant to applicable California law and that

12  uncontrolled release is likely to result in needless intrusion of officer privacy;

13  impairment in the collection of third-party witness information and statements and

14  related legitimate law enforcement investigations/interests; and a chilling of open and

15  honest discussion regarding and/or investigation into alleged misconduct that can

16  erode a public entity's  ability to identify and/or implement any remedial measures

17  that may be required.

18      Third, Defendants contend that, since peace officers do not have the same rights

19  as other private citizens to avoid giving compelled statements, it is contrary to the

20  fundamental principles of fairness to permit uncontrolled release of officers'

21  compelled statements.  *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d 822,

22  828-830 (1985); *cf.* U.S. Const., amend V.

23      Accordingly, Defendants contend that, without a protective order preventing

24  such, production of confidential records in the case can and will likely substantially

25  impair and harm defendant public entity's interests in candid self-critical analysis,

26  frank internal deliberations, obtaining candid information from witnesses, preserving

27  the safety of witnesses, preserving the safety of peace officers and peace officers'

28  families and associates, protecting the privacy officers of peace officers, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

4

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

1    preventing pending investigations from being detrimentally undermined by

2    publication of private, sensitive, or confidential information – as can and often does

3    result in litigation.

4         Plaintiffs do not agree with and do not stipulate to Defendants' contentions

5    stated above. Plaintiffs have expressed their concerns pertaining to the use of

6    stipulated protective orders in federal civil rights actions.  To begin, documents

7    exchanged in discovery are presumptively public in nature.  *San Jose Mercury News,*

8    *Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Furthermore, the

9    public maintains a notable interest in the protection of civil rights and government

10   accountability, including in allegations of law enforcement misconduct. *See, e.g.,*

11   *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n. 7 (1978) (explaining

12   the interest of citizens in "keep[ing] a watchful eye on the workings of public

13   agencies").  While Plaintiffs do not disagree that certain law enforcement documents,

14   and specifically personnel files, warrant the protections afforded by protective orders,

15   Plaintiffs object to the use of protective orders as blanket "confidential" designations.

16   Given the legal issues existing in the *Solis* matter (*i.e.,* whether custody/medical

17   personnel's deliberate indifference resulted in an in-custody death of a pretrial

18   detainee), it is Plaintiffs' position that the public interest in government accountability

19   and transparency clearly outweighs any speculative harms the Defendants may allege

20   exist.[1]   Nonetheless, and in the interest of expediency given the controlling

21   Scheduling Order in the *Solis* matter, Plaintiffs agree to enter into a Stipulated

22   Protective Order  to preserve the respective interests of the parties.

---

[1]    As a general rule, the public is permitted access to litigation documents and
information produced during discovery, and the party opposing such disclosure must
demonstrate particularized harm and, if such specific harm does exist, the Court
must still proceed to balance the competing private and public interests at stake. *In
re Roman Catholic Archbishop*, 661 F.3d 417 (9th Cir. 2011); *see also Glenmede
Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (identifying factors to
consider in balancing competing interests.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.      <u>DEFINITIONS</u>

2.1      Action: this pending federal law suit.

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items:  information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and other applicable federal privileges.

2.4      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8      House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9      Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   has appeared on behalf of that party, and includes support staff.

2      2.11   Party: any part to this Action, including all of its officers, directors,

3   employees, consultants, retained experts, and Outside Counsel of Record (and their

4   support staffs).

5      2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

6   Discovery Material in this Action.

7      2.13   Professional Vendors:  persons or entities that provide litigation support

8   services (e.g., photocopying; videotaping; translating; preparing exhibits or

9   demonstrations; and organizing, storing, or retrieving data in any form or medium)

10  and their employees and subcontractors.

11     2.14   Protected Material:  any Disclosure or Discovery Material that is

12  designated as "CONFIDENTIAL."

13     2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material

14  from a Producing Party.

15  3.   SCOPE

16     The protections conferred by this Stipulation and Order cover not only

17  Protected Material (as defined above), but also (1) any information copied or

18  extracted from Protected Material; (2) all copies, excerpts, summaries, or

19  compilations of Protected Material; and (3) any testimony, conversations, or

20  presentations by Parties or their Counsel that might reveal Protected Material.

21     Any use of Protected Material at trial shall be governed by the Orders of the

22  trial judge. This Order does not govern the use of Protected Material at trial.

23  4.   DURATION

24     Even after final disposition of this litigation, the confidentiality obligations

25  imposed by this Order shall remain in effect until a Designating Party agrees

26  otherwise in writing or a court order otherwise directs.  Final disposition shall be

27  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

28  or without prejudice; and (2) final judgment herein after the completion and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

7

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

8

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Markings added to documents pursuant to this paragraph shall not obscure the content or text of the documents produced.

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. The court reporter must affix to each such transcript page containing Protected Material the "CONFIDENTIAL legend", as instructed by the Designating Party.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portions or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

9

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

1  the protected portion(s).

2      5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

3  failure to designate qualified information or items as "CONFIDENTIAL" does not,

4  standing alone, waive the Designating Party's right to secure protection under this

5  Stipulation and its associated Order for such material.  Upon timely correction of a

6  designation, the Receiving Party must make reasonable efforts to assure that the

7  material is treated in accordance with the provisions of this Order.

8      5.4     <u>Privilege Logs</u>.  If a party withholds information that is responsive to a

9  discovery request by claiming that it is privileged or otherwise protected from

10  discovery, that party shall promptly prepare and provide a privilege log that is

11  sufficiently detailed and informative for the opposing party to assess whether a

12  document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The

13  privilege log shall set forth the privilege relied upon and specify separately for each

14  document or for each category of similarly situated documents:

15          (a)    the title and description of the document, including number of pages

16                 or Bates- number range;

17          (b)     the subject matter addressed in the document;

18          (c)    the identity and position of its author(s);

19          (d)    the identity and position of all addressees and recipients;

20          (e)    the date the document was prepared and, if different, the date(s) on

21                 which it was sent to or shared with persons other than its author(s);

22                 and

23          (f)    the specific basis for the claim that the document is privileged and

24                 protected.

25      Communications involving counsel that post-date the filing of the complaint

26  need not be placed on a privilege log.

27  //

28  //

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4      Withdrawal of "CONFIDENTIAL" Designation.   At its discretion, a Designating Party may remove Protected Material from some or all of the protections and provisions of this Stipulated Protective Order at any time by any of the following methods:

(a)      Express Written Withdrawal.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material from some or all of the protections of this Stipulated Protective Order by an express withdrawal in writing signed by the Designating Party or Designating Party's counsel (but not including staff of such counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material that shall not longer be subject to some or all of the provisions of this Stipulated Protective Order.  Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.  If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of this Stipulated Protective Order, the Designating Party must state which specific provisions are no longer to be enforced as to the specified

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

11

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulated Protective Order;

(b)    Express Withdrawal on the Record.  A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material from all of the provisions/protections of this Stipulated Protective Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material shall no longer be subject to any of the provisions of this Stipulation and Order;

(c)    Implicit Withdrawal by Publication or Failure to Oppose Challenge.  A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material from all of the provisions/protections of this Stipulated Protective Order by either (1) making such Protected Material part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions prescribed in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

12

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the " Acknowledgment and Agreement RE to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  permitted under this Stipulated Protective Order; and

2      (i)    any mediator or settlement officer, and their supporting personnel,

3  mutually agreed upon by any of the parties engaged in settlement discussions.

4  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

5  OTHER LITIGATION

6      If a Party is served with a subpoena or a court order issued in other litigation

7  that compels disclosure of any information or items designated in this Action as

8  "CONFIDENTIAL," that Party must:

9      (a)  promptly notify in writing the Designating Party.  Such notification shall

10  include a copy of the subpoena or court order;

11      (b)  promptly notify in writing the party who caused the subpoena or order to

12  issue in the other litigation that some or all of the material covered by the subpoena

13  or order is subject to Protective Order.  Such notification shall include a copy of this

14  Stipulated Protective Order; and

15      (c)  cooperate with respect to all reasonable procedures sought to be pursued

16  by the Designating Party whose Protected Material may be affected.

17      If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this action

19  as "CONFIDENTIAL" before a determination by the court from which the subpoena

20  or order issued, unless the Party has obtained the Designating Party's permission. The

21  Designating Party shall bear the burden and expense of seeking protection in that court

22  of its confidential material and nothing in these provisions should be construed as

23  authorizing or encouraging a Receiving Party in this action to disobey a lawful

24  directive from another court.

25  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

26  PRODUCED IN THIS LITIGATION

27      (a)    The terms of this Order are applicable to information produced by a Non-

28  Party in this Action and designated as "CONFIDENTIAL." Such information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1                                    14

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  <u>MISCELLANEOUS</u>

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing of Protected Material.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

16

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

1  is denied by the court, then the Receiving Party may file the information in the public

2  record unless otherwise instructed by the court.

3  13.     FINAL DISPOSITION

4         After the final disposition of this Action, as defined in paragraph 4, within 60

5  days of a written request by the Designating Party, each Receiving Party must  return

6  all Protected Material to the Producing Party or destroy such material.  As used in this

7  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8  summaries, and any other format reproducing or capturing any of the Protected

9  Material.  Whether the Protected Material is returned or destroyed, the Receiving

10 Party must submit a written certification to the Producing Party (and, if not the same

11 person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

12 (by category, where appropriate) all the Protected Material that was returned or

13 destroyed and (2) affirms that the Receiving Party has not retained any copies,

14 abstracts, compilations, summaries or any other format reproducing or capturing any

15 of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

16 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

17 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

18 reports, attorney work product, and consultant and expert work product, even if such

19 materials contain Protected Material. Any such archival copies that contain or

20 constitute Protected Material remain subject to this Protective Order as set forth in

21 Section 4 (DURATION).

22 //

23 //

24 //

25 //

26 //

27 //

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Any violation of this Order may be punished by any and all appropriate

2 measures including, without limitation, contempt proceedings and/or monetary

3 sanctions.

4

5 DATED:  January 25, 2024            LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7                                    By:  ___/ s / *Lilit Arabyan*_____

8                                         TONY M. SAIN
                                          LILIT ARABYAN
9                                         ABIGAIL J. R. McLAUGHLIN
                                          Attorneys for Defendant,
10                                        COUNTY OF RIVERSIDE, *et al.*

11

12

13 Dated: January 25, 2024          GASTÉLUM LAW, APC

14                                  By: */s/ Denisse O. Gastélum*
15                                  Denisse O. Gastélum, Esq.
                                    Attorneys for Plaintiffs,
16                                  ESTATE OF RICHARD MATUS, JR., *et al.*

17

18 Dated: January 25, 2024          LAW OFFICES OF CHRISTIAN CONTRERAS

19                                  A Professional Law Corporation

20

21                                  By: */s/ Christian Contreras*
                                    Christian Contreras, Esq.
22                                  Attorneys for Plaintiffs,
                                    ESTATE OF RICHARD MATUS, JR., *et al.*
23

24 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

25

26 Dated: February 1, 2024          _____
27                                  Hon. Sheri Pym
                                    United States Magistrate Judge
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
### Estate of Mario Solis v. County of Riverside, et al.
### USDC Case No. 5:23-cv-00989-HDV-SP; C/M# 51446-41

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 26, 2024, I served the following document(s):  **[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒   (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 26, 2024, at Los Angeles, California.

_____
Chris Trestrail

**[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**SERVICE LIST**
**Estate of Mario Solis v. County of Riverside, et al.**
**USDC Case No. 5:23-cv-00989-HDV-SP; C/M# 51446-41**

2

3    Denisse O. Gastelum, Esq.          **Attorney for Plaintiffs,**
     GASTELUM LAW, APC                  ESTATE OF MARIO SOLIS, by
4    3767 Worsham Avenue                and through successor in interest,
     Long Beach, CA 90808               Sara Solis; SARA SOLIS,
5                                       individually

6                                       Telephone:  213.340.6112
                                        Facsimile:   213.402.8622
7                                       Email:
                                          dgastelum@gastelumfirm.com
8
     Christian Contreras, Esq.          **Attorney for Plaintiffs,**
9    THE LAW OFFICES OF                 ESTATE OF MARIO SOLIS, by
     CHRISTIAN CONTRERAS                and through successor in interest,
10   360 East 2nd Street, 8th Floor     Sara Solis; SARA SOLIS,
     Los Angeles, CA 90012              individually
11
                                        Telephone:  323.435.8000
12                                      Facsimile:   323.597.0101
                                        Email:
13                                        CC@Contreras-Law.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135226736.1

2

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS